IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


HORACIO AVILA-CASAREZ,                                Civ. No. 08-248-AA

    Plaintiff,                                       OPINION AND ORDER

  v.

LING GARDEN, INC., an
unincorporated Oregon company;
HSIEN CHENG, individually; and
SUMEI CHENG, individually,

    Defendants.
_____

D. Michael Dale
Law Office of D. Michael Dale
P.O. Box 1032
Cornelius, Oregon 97113-1032

Meg Heaton
Northwest Workers' Justice Project
917 S.W. Oak Street, Suite 412
Portland, Oregon 97205-2837
    Attorneys for plaintiff

John P. Manning
Attorney at Law
8196 S.W. Hall Boulevard, Suite 203
Beaverton, Oregon 97008
    Attorney for defendants

1 - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff, Horacio Avila-Casarez, brings this action against defendants Ling Garden, Inc. (Ling Garden), Hsien Cheng and Sumei Cheng to recover minimum and overtime wages due to him under 29 U.S.C. §§ 206, 207 and 216(b), and liquidated damages for failure to pay wages under 29 U.S.C. § 216(b) and Or. Rev. Stat. §§ 652.261, 653.025, and 653.055. This court has jurisdiction under 29 U.S.C. § 1337 for claims arising under a federal statute regulating commerce, and supplemental jurisdiction under 28 U.S.C. § 1367 over the state law claims. For the reasons given below, plaintiff's partial motion for summary judgment is granted.

## I. Factual Background

Defendants employed plaintiff from 2000 to September 2007 at Ling Garden to work in the kitchen as a dishwasher and prep cook. It is unclear from the record how plaintiff's salary was calculated. Joseph Sim, manager at Ling Garden, declares that plaintiff received a minimum monthly salary plus the cost of meals. Sim Decl. ¶ 7. However, the pay sheets produced by defendants show an hourly rate calculated at $10.00 per hour, plus the cost of meals calculated at half the menu price. Plaintiff alleges that he typically worked between nine and eleven hours per day, six days a week, and never received payment for overtime wages at time and a half. Defendants allege that they paid plaintiff overtime wages in cash; however, there is no record of these payments.

On February 27, 2008, plaintiff filed suit in this court.

2 - OPINION AND ORDER

On September 30, 2009, plaintiff filed a motion for partial summary judgment seeking $85.72 in unpaid overtime wages and $2,558.40 in penalty damages pursuant to Or. Rev. Stat. § 653.055. On October 14, 2009, defendants opposed this motion. On October 28, 2009, plaintiff moved to strike paragraphs 8 through 11 of the Declaration of Joseph Sim filed in support of defendants' response.

## II. Standard

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The materiality of a fact is determined by the substantive law on the issue. T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). The authenticity of a dispute is determined by whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324.

Special rules of construction apply to evaluating summary judgment motions: (1) all reasonable doubts as to the existence of

3 - OPINION AND ORDER

genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. T.W. Elec., 809 F.2d at 630.

### III. Discussion

Plaintiff moves for partial summary judgment on his claim for unpaid overtime wages. Plaintiff contends that no material issue of fact disputes that he is entitled to the unpaid overtime wages. The record reflects that plaintiff worked overtime hours, Heaton Decl. Ex. 1., but there is no record of payment of overtime wages, Sim Decl. ¶ 6.

In response, defendants admit plaintiff worked the overtime hours he asserts in this motion. However, defendants submit the declaration of Joseph Sim, a manager at Ling Garden, who asserts that defendants paid plaintiff in cash for any overtime wages. Sim Decl. ¶ 6. Sim explains that after plaintiff received his paycheck, plaintiff would notify defendants of any unpaid overtime hours; defendants would verify the amount and then pay him in cash at time and a half his hourly rate of pay. Sim Decl. ¶ 6. Sim further states that because plaintiff's overtime wages did not amount to much money, defendants did not require him to sign a receipt. Sim Decl. ¶ 6. Defendants argue that Sim's declaration creates a genuine issue of fact, such that plaintiff's motion for partial summary judgment should be denied.

In his reply brief, plaintiff argues that Sim's declaration should be treated as a "sham" declaration that does not create a

4 - OPINION AND ORDER

genuine dispute of material fact. A "sham" declaration generally contradicts the earlier testimony of the witness, and is submitted in opposition to summary judgment. See Van Asdale v. Int'l Game Tech., 577 F.3d 989, 998 (9th Cir. 2009). This rule has been applied to declarations or affidavits submitted by nonparties. Olin v. Disneyland Int'l., 832 F. Supp. 1342, 1345-46 (D. Ariz. 1993) (citing Grain Co. v. Blackley, 932 F.2d 1563, 1568 (8th Cir. 1991)); see also Nelson v. City of Davis, 571 F.3d 924, 928 (9th Cir. 2009) (applying summary judgment standard and analysis when considering a third party affidavit). In order to apply this rule, the trial court must first find that the affidavit truly contradicts the party's earlier testimony. Nelson, 571 F.3d at 928. The non-moving party may elaborate, explain or clarify prior testimony; minor inconsistencies that result from an honest discrepancy, mistake, or newly discovered evidence "afford no basis for excluding an opposition affidavit." Id. (citations ommitted).

For example, in Olin, the defendant argued that the court should disregard the plaintiff's expert affidavit under the sham affidavit rule because it contradicted his earlier deposition testimony. Olin, 832 F. Supp. at 1345. The court refused to exclude the expert's affidavit, reasoning that it simply clarified his ambiguous deposition testimony. Id. at 1346.

Here, plaintiff contends that Sim's declaration directly contradicts his deposition testimony. At deposition, Sim testified that the totals at the bottom of the pay sheet represented "the total amounts that [plaintiff was] going to receive." Dale Supp.

5 - OPINION AND ORDER

Decl. Ex. 1, 40:14-16. The calculations on the pay sheets do not reflect time and a half wages for overtime or any cash payments. Heaton Decl. Ex. 1. Sim also explained that management at the restaurant would show plaintiff and the other workers their pay sheets and explain their pay based on the hours they worked and the cost of their meals. If the employees did not agree with the amount paid, they could come back and show the error, but Sim testified that employees "never do that." Dale Supp. Decl. Ex. 1, 38:19-39:9. Plaintiff argues that Sim's sworn testimony that "they never do that" reflects that plaintiff never asked for overtime wages he was due, and flatly contradicts his subsequent declaration that plaintiff later requested and received overtime wages in cash. I agree.

Unlike the ambiguous deposition testimony in Olin, Sim's express testimony that workers never came back to adjust their pay is inconsistent with his declaration stating that plaintiff requested and was paid overtime wages. Further, Sim did not testify that plaintiff received cash at his deposition. Because of this contradiction, I limit my consideration to Sim's deposition testimony and uncontested facts.

The uncontested pay sheets provided by defendants show that plaintiff worked overtime hours but was not paid overtime wages. Heaton Decl. Ex. 1. No evidence supports the contention that plaintiff was paid in cash or any other form of payment. As defendants fail to create a genuine issue of fact, I grant

6 - OPINION AND ORDER

plaintiff's partial motion for summary judgment on this claim.

## IV. Conclusion

For the reasons set forth above, plaintiff's motion for summary judgment (doc. 39) is GRANTED, plaintiff's motion to strike (doc. 51) is DENIED as moot.

IT IS SO ORDERED.

Dated this 12th day of December, 2009.

                /s/ Ann Aiken
                Ann Aiken
        Chief United States District Judge

7 - OPINION AND ORDER